COWEN, Circuit Judge,
dissenting.
Unlike the majority, I would afford Skidmore deference to the Department’s view that in order to constitute a commission for purposes of § 7(1), the amount of compensation paid to the employee must *286 be proportionally related to the amount charged to the customer. Because NutriSystem failed to demonstrate the requisite proportionality, its compensation plan cannot be considered a bona fide commission plan under § 7(1).
As the majority recognizes, the Department has issued several opinion letters concerning the scope of the retail commission exemption. In the majority’s view, these opinion letters fail to “provide sufficiently thorough reasoning, consistency, or factual similarities to the instant case to warrant deference.” Maj. Typescript Op. at 282. I disagree, as in my view, the opinion letters clearly reflect the Department’s consistent view that, in order to be considered a commission under § 7(1), there must be a degree of proportionality between the payment an employee receives and the costs passed down to the customer.
For instance, in the April 3, 1996, letter concerning alarm system installers, the Department explained that, if the installers “were to be compensated on a percentage of the sales price of the alarm systems they installed!] s]uch a method of payment would constitute payment on a commission basis;” but if the installers were “paid a flat fee per installation, [the Department] would not consider such a payment to be a commission payment.” Dep’t of Labor Op. Ltr., 1996 WL 1031770 (Apr. 3, 1996).
Similarly, in its subsequent letter about health club instructional employees, the Department made clear that, while instructors who were paid a percentage of the club’s revenue per lesson would qualify for the exemption, instructors paid a flat fee per lesson would not because “[f]lat fees paid without regard to the value of the service performed do not represent ‘commissions on goods or services’ for purposes of [§ ] 7(1).” Dep’t of Labor Op. Ltr., 2005 WL 3308624 (Nov. 14, 2005) (internal quotation marks and citations omitted). In that opinion letter, the Department went on to state that, in general, “employees paid a flat fee are considered to be compensated on a piece rate basis and not on the basis of commissions. Commissions, for purposes of [§ ] 7(1), usually denotes a percentage of the amount of monies paid out or received.” Id.
In the third letter, the DOL determined that automobile detailers and painters who were paid under the flag-rate method were subject to the commission exemption because the flag hours that the employer set for each job corresponded to the labor hours ultimately charged to the customer. Dep’t of Labor Op. Ltr., 2006 WL 4512957 (June 29, 2006).
Insofar as these opinion letters express the Department’s consistent and reasonable position that § 7(1) requires a proportional relationship between employee compensation and customer costs, I would afford them a “measure of respect” under Skidmore.[1] See Fed. Express Corp. v. Holowecki 552 U.S. 389, 399, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008).
After declining to defer to the Department’s interpretation of § 7(1), the majority nonetheless adopts a definition that is consistent with the Department’s approach, holding that “when the flat-rate payments made to an employee based on *287 that employee’s sales are proportionally related to the charges passed on to the consumer, the payments can be considered a bona fide commission rate for the purposes of § 7(1).” Maj. Typescript Op. at 283. The majority then concludes that NutriSystem’s compensation plan meets this definition because the payments made to its sales associates are “sufficiently proportional” to the cost to the consumer. Id. While I do not object to the majority’s contention that § 7(1) requires a proportional relationship between employee compensation and customer costs, I cannot agree that NutriSystem has demonstrated such a proportional relationship here.
It is undisputed that NutriSystem’s meal plans vary in price depending on the type of meal plan the customer chooses and the length of the customer’s commitment. It is likewise undisputed that the flat-rate fee paid to a sales associate does not vary depending on the type of plan the customer chooses or the length of the customer’s commitment. NutriSystem clearly has not demonstrated that the flat-rate fees are proportionally related to the cost to the customer. While neither the plaintiffs nor the Department suggests that a commission must be based on a strict percentage of the end cost to the consumer, the flat-rate payments in this case do not correspond at all with the end cost to the consumer. Rather, the flat-rate payments are based on the time the sale is made and whether it results from an incoming or outgoing call. The fact that NutriSystem can perform math to portray its flat-rate fees as percentages of customer costs does not transform the fees into commissions.
Therefore I am unable to agree with the majority and would reverse and remand for further proceedings.

. See also 29 C.F.R. § 779.413(a)(4) (describing a "[sjlraight commission” as "a flat percentage on each dollar of sales [the employee] makes”); U.S. Dep’t of Labor, Glossary of Current Industrial Relations & Wage Terms, Bulletin No. 1438, at 15 (1965) (defining "commission earnings” as "[c]ompensation to salespeople based on a predetermined percentage of the value of sales”); U.S. Dept’ of Labor, Glossary of Currently Used Wage Terms, Bulletin No. 983, at 4 (1950) (defining "commission earnings” as "compensation to sales personnel based on a percentage of value of sales”).